IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. SAMUELS, | No. 2:10-CV-2689-LKK-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| WOODS, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

      On April 21, 2011, defendants filed a motion to dismiss. Defendants also filed a motion for summary judgment on March 8, 2012. Those motions were not, however, accompanied by a contemporaneous notice to plaintiff advising him as to his obligations in opposing such motions. The court will now provide those notices and also provide plaintiff an opportunity to file supplemental oppositions in light of this notice. Defendants will also be permitted to file supplemental replies. If no supplemental oppositions are filed within the time provided herein, the matters will stand submitted on the current record.

///

1

1          Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), plaintiff
2  is advised of the following requirements for opposing a motion to dismiss for failure to exhaust
3  administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of the
4  Federal Rules of Civil Procedure:  Such a motion is a request for dismissal of unexhausted
5  claims without prejudice.[1]  The defendant may submit affidavits or declarations under penalty of
6  perjury and admissible documentation to support the motion to dismiss.  To oppose the motion,
7  plaintiff may likewise file declarations under penalty of perjury and admissible documentation.
8  Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the
9  complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to
10 the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve
11 and file one or more affidavits or declarations by other persons who have personal knowledge of
12 relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the
13 records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence
14 with admissible evidence, the court may rely on the defendant's evidence.  In the event both sides
15 submit matters outside the pleadings, the court may look beyond the pleadings and decide
16 disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the
17 court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the
18 defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's
19 unexhausted claims will be dismissed without prejudice.
20         Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and
21 Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following
22 requirements for opposing a motion for summary judgment made by defendants pursuant to Rule
23 56 of the Federal Rules of Civil Procedure:  Such a motion is a request for an order for judgment
24 in favor of defendants without trial.  A defendant's motion for summary judgment will set forth

---

[1] Though defendants' motion to dismiss is brought under Rule 12(b)(6) for failure to state a claim, this notice is nonetheless given in an abundance of caution.

1  the facts that the defendants contend are not reasonably subject to dispute and that entitle the
2  defendants to judgment.  To oppose a motion for summary judgment, plaintiff must show proof
3  of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may
4  rely upon statements made under the penalty of perjury in the complaint if the complaint shows
5  that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's
6  attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one
7  or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's
8  claims; the person who signs an affidavit or declaration must have personal knowledge of the
9  facts stated.  Plaintiff may rely upon written records, but plaintiff must prove that the records are
10 what plaintiff claims they are.  Plaintiff may rely upon all or any part of the transcript of one or
11 more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If
12 plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible
13 evidence, the defendants' evidence may be taken as the truth and the defendants' motion for
14 summary judgment granted.  If there is some good reason why such facts are not available to
15 plaintiff when required to oppose a motion for summary judgment, the court will consider a
16 request to postpone considering the defendants' motion.  If plaintiff does not serve and file a
17 written opposition to the motion or a request to postpone consideration of the motion, the court
18 may consider the failure to act as a waiver of opposition to the defendants' motion.  If the
19 defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment
20 will be entered for the defendants without a trial and the case will be closed.
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff may file separate supplemental oppositions to defendants' motions to dismiss and for summary judgment within 30 days of the date of this order; and

2. Defendants may file separate supplemental replies within 15 days after service of any supplemental oppositions.

DATED: July 27, 2012

                                                                 **CRAIG M. KELLISON**
                                                                 UNITED STATES MAGISTRATE JUDGE